UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 07-288 (PLF) |
| | : | |
| EDWARD MADDOX, | : | |
| Defendant. | : | |

GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I.     Background.**

1. In this case, defendant is charged with the following four counts: 1) Unlawful Possession with Intent to Distribute Heroin, 2) Unlawful Possession with Intent to Distribute Cannabis, 3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, and 4) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

2. Defendant has been previously convicted of the following offenses:

a.     Superior Court of the District of Columbia – case number F-3459-81

Defendant was convicted of and sentenced on the following felony offenses: 1) Assault with Intent to Commit Robbery While Armed, with a sentence of not less than 3 years but not more than 9 years imprisonment; 2) Armed Robbery, with a sentence of not less than 5 years and not more than

15 years imprisonment; and 3) Carrying a Pistol Without a License, with a sentence of not less than 2 years and not more than 6 years imprisonment. The defendant was sentenced on these charges on June 28, 1983, but government records indicate that, prior to the date of the defendant's arrest in this case on September 29, 2007, the defendant was most recently released from commitment to parole on September 16, 2002. The defendant was on parole in case number F-3459-81 at the time of his arrest in the case.

**II.     Fed. R. Evid. 609(a)(1).**

3. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Here, this Court should permit the use of the above-referenced convictions in case number F-3459-81 to impeach the defendant because of their probative value outweighing any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

4. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The charges in this case relate to the defendant being found in constructive possession of narcotics and a firearm. Accordingly, should he choose to testify, defendant's credibility concerning his knowledge regarding this contraband will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, his prior conviction for firearm-related offenses is probative in this case, which also deals with firearm-related offenses, to test defendant's credibility on the issue of whether the firearm located in this case was possessed knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.

5. With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id.  Here, the prejudicial effect of using this firearm-related conviction for impeachment in this case, which also has firearm-related charges, is outweighed by its probative value. For example, as the Court of Appeals explained in United States v. Lewis:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

**III.    Fed. R. Evid. 609(b).**

6. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."  Here, government records indicate that, prior to the date of the defendant's arrest in this case on September 29, 2007, the defendant was most recently released from commitment to parole on September 16, 2002, and was on parole in case number F-3459-81 at the time of his arrest in this case.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

        _____

By:    OPHER SHWEIKI
        Assistant United States Attorney
        Bar No. 458776
        Federal Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 353-8822
        Opher.Shweiki@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   Cr. No. 07-288 (PLF) |
| | : |
| EDWARD MADDOX, | : |
|     Defendant. | : |

**ORDER**

Based upon the government's motion to admit the defendant's prior convictions for impeachment purposes, and any oppositions thereto, it is this

_____ day of _____, 2008, hereby

**ORDERED** that, should the defendant chose to testify, the government may impeach him with his convictions set out in the government's motion.

_____
PAUL L. FRIEDMAN
United States District Judge

copies to:

Opher Shweiki
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530

Jerry Ray Smith, Esq.
Counsel for Edward Maddox
717 D Street, N.W., Suite 400
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the "GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609" was served upon counsel of record for the defendant, Jerry Ray Smith, Esq., 717 D Street, N.W., Suite 400, Washington, D.C. 20004, through the electronic court filing system, this 7th day of Marcy 2008.

/s/

OPHER SHWEIKI