UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 07-288 |
| v.  )( | Judge Friedman |
| )( | Motions Hearing: March 26, 2008 |
| EDWARD MADDOX )( | |

**MOTION TO SEVER COUNTS
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Edward Maddox, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 14, to sever his felon-in-possession charge from the other charges against him. In support of this motion, Mr. Maddox would show:

1.  Mr. Maddox is charged in this case in a four-count indictment. The four counts are: 1) unlawful possession with intent to distribute 100 grams or more of heroin (21 U.S.C., Sections 841(a) and 841(b)(1)(B)(i)); 2) unlawful possession with intent to distribute a detectable amount of cannabis (21 U.S.C., Sections 841(a)(1) and 841(B)(1)(d)); 3) possession of a firearm in furtherance of a drug-trafficking crime (18 U.S.C., Section 924(c)(1)); and 4) possession of a firearm by a person convicted of a crime which carries a sentence exceeding one year (18 U.S.C., Section 922(g)(1)).

2.  In order to make out the felon-in-possession charge, the government will have to prove that Mr. Maddox does in fact have a conviction for a charge that carries a maximum sentence exceeding one year. However, in regards to the other charges against Mr. Maddox, evidence related to a prior conviction would not be relevant and would actually constitute inadmissible "other crimes" evidence.

3.      "If the joinder of offenses… appears to prejudice a defendant[,] …the court may order separate trials of counts… or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

4.      Whenever evidence related to one charge would be inadmissible as to the other charges, the joinder of the charges creates a "high risk of undue prejudice." United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985). In the felon-possession context, the problem of prejudicial joinder is particularly acute. See United States v. Dockery, 955 F.2d 50, 55 (D.C. Cir. 1992) (vacating convictions on other charges because of prejudicial joinder with felon-in-possession charge). Accordingly, it is appropriate for a defendant to move, under Fed. R. Crim. P. 14, to sever the felon-in-possession charge from the other charges prior to trial. United States v. Bowie, 142 F.3d 1301, 1307 (D.C. Cir. 1998); Daniels, 770 F.2d at 1118-1119.

5.      The facts behind the felon-in-possession charge against Mr. Gant are not particularly complicated, and a trial on that charge alone would be fairly short. Thus, severance of the felon-in-possession charge would pose only a modest additional burden on judicial resources.

6.      Given that there will be a "high risk of undue prejudice" if his felon-in-possession charge is tried together with the other charges in the indictment and given that severance of that charge from the other charges would not put a great strain on judicial resources, Mr. Maddox now moves this Court to sever for trial his felon-in-possession charge from the other charges against him.

WHEREFORE, the defendant, Edward Maddox, respectfully moves this Honorable Court, to sever for trial his felon-in-possession charge from the other charges against him.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith
Counsel for Edward Maddox
717 D Street, N.W.
Suite 400
Washington, D.C. 20004

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 07-288 |
| v. )( | Judge Friedman |
| )( | Motions Hearing: March 26, 2008 |
| EDWARD MADDOX )( | |

## ORDER

    **UPON CONSIDERATION** of Edward Maddox's Motion to Sever Counts and Points and Authority in Support thereof, the government's Opposition, and Mr. Maddox's Reply, it is this _____ day of _____, 2008 hereby

    **ORDERED** that the motion is granted, and it is further

    **ORDERED** that the felon-in-possession charge against Mr. Maddox shall be severed for trial from the other charges against him.

    **SO ORDERED.**

_____
Paul L. Friedman
United States District Judge