UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 07-288 |
| v.    )( | Judge Friedman |
| )( | Motions Hearing: March 26, 2008 |
| EDWARD MADDOX    )( | |

### SUPPLEMNT TO MOTION TO SUPPRESS EVIDENCE, STATEMENTS, AND INFORMATION AND POINTS AND AUTHORITY IN SUPPORT THEREOF

COMES NOW the defendant, Edward Maddox, by and through undersigned counsel, and respectfully supplements his earlier filed Motion to Suppress Evidence, Statements, and Information and Points and Authority in Support thereof. In support of this supplement, Mr. Maddox would show:

1.     On March 4, 2007, Edward Maddox filed a Motion to Suppress Evidence, Statements, and Information and Points and Authority in Support thereof (Document 7) (Motion to Suppress).

2.     In the Motion to Suppress, Mr. Maddox argues that, when the police seized him as he was exiting his car on the morning of September 29, 2007, that seizure was a full-blown arrest requiring probable cause. Specifically, Mr. Maddox argues that his seizure was full-blown arrest because the police exceeded the scope of Terry in frisking him and searching his person. Motion to Suppress at 18.

3.     Mr. Maddox now submits that another reason his seizure must be considered a full-blown arrest requiring probable cause is because the police moved him from where they first detained him (on the street where he was parking his car) to the

inside of the residence where the warrant was being executed. Such movement was also outside the scope of a permissible Terry stop. Terry was designed to permit the police, on certain occasions, to engage in "legitimate police investigative techniques" on less than probable cause. Terry v. Ohio, 392 U.S. 1, 13 (1968). Here, however, the movement of Mr. Gant from the street to inside the residence served no legitimate investigative function. Accordingly, the movement of Mr. Maddox caused his seizure to be more than just a Terry stop.

4. In the Motion to Suppress, Mr. Maddox argues that the government cannot use the Leon "good faith" exception to prevent the exclusionary rule from being applied for the failure of the affidavit upon which the search warrant was based to make out probable cause. Specifically, Mr. Maddox asserts that the Leon "good faith" exception cannot apply because "the judge had to have found probable cause for the search by either 1) blindly deferring to and "rubber stamping" the conclusory assertions of the affiant or 2) relying upon assertions of the affiant that were recklessly or even deliberately false." Motion to Suppress at 16-17.

5. Mr. Maddox now submits that another reason the Leon "good faith" exception cannot apply is because the affidavit upon which the warrant was based "was so deficient that a reasonable officer's belief in the existence of probable cause was unreasonable." United States v. Johnson, 332 F.Supp.2d 35, 39 (D.D.C. 2004) (Friedman, J.).

6. In the affidavit at issue, the affiant only makes three assertions that link Mr. Maddox to 5025 Sheriff Road, N.E. First, the affiant asserts that, "through other

police investigative techniques," he has "acquired other information indicating that Maddox regularly uses the town-house at 5025 Sheriff Road, N.E. as a base of operations [for his drug-dealing activities]."  Second, the affiant asserts that he has determined that a relative of Mr. Maddox resides at 5025 Sheriff Road, N.E.  Third, the affiant asserts that, on at least three occasions, he has seen Mr. Maddox's car "parked at" 5025 Sheriff Road, N.E.  No reasonable officer could believe that any of these assertions would provide probable cause for searching 5025 Sheriff Road, N.E.

      7.     Regarding the affiant's assertion that, "through other police investigative techniques," he has "acquired other information indicating that Maddox regularly uses the town-house at 5025 Sheriff Road, N.E. as a base of operations [for his drug-dealing activities]," it is submitted that no reasonable police officer could think that probable cause for a search of a residence could be based on a police officer's completely unsubstantiated, vague, and naked assertion that he has undisclosed "information" that a suspect uses that residence for illegal activities.  Indeed, it is submitted that, as a matter of training (if not just common sense), police officers are told that assertions by police officers in affidavits for warrants must contain some specifics and disclose the bases of knowledge underlying the assertions so that the judge can determine if the assertions are in fact reasonable.

      8.     Regarding the affiant's assertion that he has determined that a relative of Mr. Maddox's resides at 5025 Sheriff Road, N.E., it is again submitted that no reasonable police officer could believe that such a bare assertion for which no basis of knowledge has been shown could provide probable cause of any connection between Mr. Maddox

and the address. Additionally, even if the affiant had disclosed a perfectly valid basis of knowledge for the assertion, no reasonable officer could believe that, just because a relative of Mr. Maddox's resides at the address, there would be probable cause to believe that Mr. Maddox would keep evidence related to his purportedly illegal activities at that address.

9.      The third assertion in the affidavit connecting Mr. Maddox to 5025 Sheriff Road, N.E. is the affiant's assertion that he has seen Mr. Maddox's car "parked at" the address on several occasions. As stated in the Motion to Suppress, this assertion must be viewed as a deliberate—or at least, reckless—falsehood because it is impossible for anyone to "park at" 5025 Sheriff Road, N.E. There is no driveway or parking space for the residence. Even the lease-holder of the residence must park his car on the public streets in the neighborhood. Motion to Suppress at 12. However, even if the affiant had communicated what probably was the real truth—that is, that he had only seen the car parked on a street in the vicinity of the residence—the Leon "good faith" exception still would not apply because no reasonable police officer could believe that, just because a car has been seen parked on a street in the vicinity of a residence, there is probable cause to conclude that there is a connection between the driver of the car and the residence.

4

WHEREFORE, the defendant, Edward Maddox, respectfully supplements his Motion to Suppress.

              Respectfully submitted,

              _____/s/_____
              Jerry Ray Smith
              Counsel for Edward Maddox
              717 D Street, N.W.
              Suite 400
              Washington, D.C. 20004