UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No.  07-288 (PLF) |
| | : | |
| **EDWARD MADDOX,** | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVERE COUNTS**

     The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to sever the felon-in-possession count of the indictment.  In support of its opposition, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

     1.  The defendant is charged in a four-count indictment. Counts IV charges the defendant with unlawful possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), which makes it unlawful for a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition affecting interstate commerce.

     2.  To convict him under 18 U.S.C. § 922 (g), the government must prove that 1) he knowingly possessed a firearm or ammunition, 2) the firearm or ammunition had affected interstate commerce, and 3) at the time of possession, the defendant had been convicted of an offense punishable by a term of imprisonment exceeding one year.  Asserting that evidence of his prior felony conviction would unduly prejudice the jury, he requests that the court severe this count.

3. The defendant's motion should be denied. While the government recognizes the importance of protecting the defendant from the potential prejudice to which he alludes, the defendant's suggested remedy goes far beyond what is required, and would require an unnecessary expenditure of judicial resources. None of the controlling cases in this Circuit mandate the severance proposed by the defendant. Instead of following the defendant's proposal, the Court should follow simpler and fairer measures which the Court of Appeals has consistently upheld in 922(g) gun cases: 1) allow the defendant to stipulate, or the government to prove, that defendant has been convicted of a crime that is punishable by imprisonment for a term exceeding one year - without mentioning the name or nature of that offense; 2) limit the number of references that can be made even to this sanitized fact, as necessary to deal with the prior conviction element; and 3) instruct the jury that it may only use evidence of the defendant's conviction in considering the prior conviction element.[1]

4. To be sure, the Court of Appeals has cautioned that "[w]hen trying an ex-felon [gun] count together with other counts, the trial judge must "proceed with caution" to avoid undue prejudice." United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992), quoting United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985). In Dockery, the Court of Appeals reversed the trial court's denial of defendant's motion to sever the 922(g) count from the other counts in the indictment. Dockery, 955 F.2d at 57. The defendant relies on Dockery, asserting that severance is necessary in this case. But nothing in Dockery requires this remedy. Importantly, what the court in Dockery found troubling was not simply the joinder of a 922(g) count with other counts, but

---

[1] Of course, the name and nature of such offense(s) may be admissible under F.R.E. 609, the subject of another motion in this case.

rather how the prior conviction element had been presented to the jury at trial. The government had refused defendant's proposed stipulation about the prior conviction element, had offered no stipulation of its own, and had instead proceeded to prove the prior conviction element with live testimony. Dockery, 955 F.2d at 5155. While the trial court had ordered the indictment redacted of any reference to the exact crime, the Court of Appeals was troubled by the way in which the count was handled at trial, noting that the prosecutor and trial court mentioned the conviction on six separate occasions, and that the prosecutor introduced both the prior conviction and irrelevant testimony that the defendant was on probation at the time he was arrested. Id. at 51, 56. The court also observed that the trial court had not provided any cautionary instructions to the jury about the proper use of the conviction. Id. at 55. None of these concerns need be triggered in this case, particularly if the Court were to follow the government's suggestions described above.

    5.  In short, nothing in Dockery can be taken as requiring severance. Indeed, the decision specifically noted that there was no per se rule requiring the severance of 922(g) counts, noting that none had been established in Daniels. Id. at 53. The Dockery court contrasted the situation before it which required reversal, and that before Daniels, which did not, noting that "comparable safeguards were not followed in this case." Dockery, 955 F.2d at 54. And significantly, the safeguards approved in Daniels did not involve severance, but rather safeguards similar to those proposed by the government for this case - the redaction of the indictment of any reference to the nature of the prior conviction, a stipulation by the parties that the defendant had been convicted of an unspecified felony, and a repeated jury instruction describing the limited evidentiary use of the stipulation. See Daniels, 770 F.2d at 1114, 1119 (noting the safeguards employed by the trial judge, and affirming the trial court's refusal to sever the 922(g) count); United States v. Bowie,

142 F.3d 1301, 1303-07 (D.C. Cir. 1998) (upholding trial court's refusal to sever 922(g) count from narcotics counts where trial court had demonstrated sufficient regard for insuring a fair trial, requiring the prosecutor use a stipulation that mentioned only that defendant had been convicted of an offense punishable by a term of imprisonment exceeding one year, gave a cautionary jury instruction, and limited the references to this element at trial). The defendant does not offer any reasons as to why he needs more protection than that approved in <u>Daniels</u> and <u>Bowie</u>.

    WHEREFORE, the government respectfully submits that defendant's motion should be denied, and that the Court should instead follow the government's proposals that have been approved in other cases listed above.

    Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:   OPHER SHWEIKI
Assistant United States Attorney
Bar No. 458776
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822
Opher.Shweiki@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the "GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVERE COUNTS" was served upon counsel of record for the defendant, Jerry Ray Smith, Esq., 717 D Street, N.W., Suite 400, Washington, D.C. 20004, through the electronic court filing system, this 17th day of March 2008.

/s/
OPHER SHWEIKI