## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )( | |
| )( | **Criminal No. 07-288** |
| **v.** )( | **Judge Friedman** |
| )( | **Motions Hearing: March 26, 2008** |
| **EDWARD MADDOX** )( | |

### OPPOSITION TO GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS UNDER FRE 609 SHOULD HE TESTIFY AND POINTS AND AUTHORITY IN SUPPORT THEREOF

COMES NOW the defendant, Edward Maddox, by and through undersigned counsel, and respectfully opposes the government's motion to impeach him with certain of his prior convictions should he decide to testify. In support of this opposition, Mr. Maddox would show:

1. On March 7, 2008, the government filed a Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 (Notice and Motion) (Document 8). In this Notice and Motion, the government moves to impeach Mr. Maddox with convictions he sustained in case F-3459-81 in the Superior Court of the District of Columbia.

2. In its Notice and Motion, the government states that Mr. Maddox has three impeachable convictions arising out of case F-3459-81: 1) assault with intent to rob while armed, 2) armed robbery, and 3) carrying a pistol without a license. Notice and Motion at 1-2. The three convictions all arose from a single incident.

1

3.  Mr. Maddox will be 45 in June. It was almost 27 years ago that he was arrested in case F-3459-81. At the time, he had not yet turned eighteen.[1]

4.  In its Notice and Motion, the government does not contend that the convictions Mr. Maddox suffered in case F-3459-81 involve dishonesty or false statements. The government only seeks to impeach Mr. Maddox with these convictions because each charge carries a sentence greater than one year. Notice and Motion at 2.

5.  Under Fed. R. Evid. 609(a)(1), an accused can be impeached with a prior conviction for a crime that carries a maximum sentence of greater than one year only if the probative value of the conviction outweighs its prejudice to the accused. Moreover, Rule 609(a)(1) expressly sates that the purpose for allowing a witness to be impeached with a prior conviction is to permit attack on his "<u>character</u> for truthfulness" (emphasis added).

6.  Noting that the instant case involves the constructive possession of drugs and a firearm, the government contends that the convictions with which it seeks to impeach Mr. Maddox have a high probative value for the purposes of Rule 609 because, should he testify, Mr. Maddox's "credibility concerning his knowledge regarding this contraband will be a central issue." The government then goes on to say that, because the

---

[1] In 1996, while he was still on parole in case F-3459-81, Mr. Maddox was arrested on firearm charges in a case in the United States District Court for the District of Columbia. Mr. Maddox went to trial in this re-arrest case and was completely acquitted. Nevertheless, the Parole Board revoked Mr. Maddox's parole because of the re-arrest charges, and Mr. Maddox was incarcerated until 2001. It is only because Mr. Maddox's parole was revoked for conduct of which he was acquitted at trial that his incarceration in case F-3459-81 extends to within ten years of the alleged commission of the crimes at issue here. If Mr. Maddox's parole had not been revoked because of the conduct of which he was acquitted, his incarceration in case F-3459-81 would have ended more than ten years before the alleged commission of the crimes at issue here, and impeaching him with the prior convictions from that case would be presumptively improper. See Fed. R. Evid. 609(b).

prior convictions are for firearm-related offenses, impeachment with those convictions is probative of Mr. Maddox's veracity because the instant offenses are firearm-related and the impeachment will "test [Mr. Maddox's] credibility on the issue of whether the firearm located in this case was possessed knowingly and intentionally, and was not the result of inadvertence, mistake, or accident."  Notice and Motion at 2.

7. The government's theory as to how Mr. Maddox's prior convictions are admissible under Rule 609 is not that the convictions will attack his general "character for truthfulness" should he testify.  Rather, it is because they will specifically prove that he knowingly and intentionally committed the crimes he is now charged with should he deny that he committed those crimes.  Thus, even though the government couches its argument in terms of attacking credibility, at bottom, it is simply seeking to use the prior convictions as evidence that Mr. Maddox committed the offenses at issue here.

8. Under Fed. R. Evid. Rule 404(b), "evidence of other crimes… is not admissible to prove the character of a person in order to show action in conformity therewith."  Moreover, attacking the accused's credibility by proving he engaged in conduct he denies is beyond the scope of Rule 609.  Rule 609 only permits attacks on the accused's "character for truthfulness"—not to prove that the accused committed the offense if he denies having done so.

9. Even if it is admitted for the sake of argument that Rule 609 permits the government to attack the accused's credibility by using a prior conviction to specifically show that he committed the crime at issue should he testify and deny that he did so, it is hard to see how convictions for firearm-related offenses from 27 years ago (when Mr.

3

Maddox was 17) would have any probative value for proving that Mr. Maddox knowingly and intentionally possessed the firearm at issue in this case. Further, it is even harder to see how those convictions would have any probative value for showing that Mr. Maddox knowingly and intentionally possessed the drugs at issue here.[2]

10. If the government wants to use the prior convictions to prove the elements of the instant offenses, the proper avenue is Fed. R. Evid. 404(b). However, it is hard to see how the prior convictions would be admissible under Rule 404(b), and tellingly, the government does not seek to introduce the convictions under this rule. It thus appears that the government is seeking to use Rule 609 to do what it is not permitted to do under Rule 404(b).

11. Mr. Maddox's prior convictions in case F-3459-81 are for violent offenses involving the use of a firearm. Accordingly, the admission of those convictions would be highly prejudicial to Mr. Maddox. Since the convictions would have no legitimate probative value under Rule 609, it cannot be credibly claimed that the probative value of the convictions outweighs the prejudice that their admission will cause to Mr. Maddox. For this reason, the government's motion to impeach Mr. Maddox, should he testify, with his the prior convictions must be denied.

---

[2] Thus, even if for some reason it would be permissible under Rule 609 to impeach Mr. Maddox with the prior convictions to show that he committed the firearm offenses here, it would not be permissible to impeach him with those convictions to show that he committed the drug offenses. Thus, if the government is permitted to impeach Mr. Maddox with the prior convictions, the firearm charges and the drug charges must be severed on the grounds of prejudicial joinder.

WHEREFORE, the defendant, Edward Maddox, respectfully opposes the government's motion to use his convictions in case F-3459-81 to impeach him should he testify in his own defense at trial.

    Respectfully submitted,

    \_\_\_\_/s/_____
    Jerry Ray Smith
    Counsel for Edward Maddox
    717 D Street, N.W.
    Suite 400
    Washington, D.C. 20004