UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No. 07-288 (PLF) |
| | : | |
| **EDWARD MADDOX,** | : | |
| Defendant. | : | |

**REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE
OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S
PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendant's opposition to the government's notice of intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its reply, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding the government's notice:

This Court should permit the use of the defendant's convictions in case number F-3459-81 to impeach him because their probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc). The three felony convictions at issue are: 1) assault with intent to commit robbery while armed; 2) armed robbery; and 3) carrying a pistol without a license.

Impeachment by the defendant's convictions would be probative because it would enable the jury to evaluate his credibility, especially given that he has been previously convicted of multiple serious felony charges. If the defendant testifies, his credibility will be a central issue in this case as his testimony will address the key issue: whether he possessed the firearm and narcotics found by the police.

When a witness is impeached with a prior conviction, the jury is given a specific instruction, informing them that they are entitled to use that fact in determining whether or not to believe the witness. In the instant case, should the defendant testify and the government was not permitted to impeach him with his prior convictions, the jury would be misled as to the defendant's character, and would not have all the information it needed before it in order to evaluate the defendant's credibility. The D.C. Circuit held in United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980) that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

With respect to the prejudice prong, the jury will be aware that the defendant has a prior felony conviction, even if it does not know the nature of the prior conviction. Thus, there is little added prejudice to informing the jury, if the defendant chooses to testify, of the nature of his prior convictions, in order to permit the jury to evaluate his credibility. In fact, it could confuse and mislead the jury if it were told that the defendant had a prior felony conviction, but was never told what that conviction was if and when the defendant chose to testify.

Moreover, a limiting instruction to the jury can cure the prejudice to the defendant: "'it is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.'" United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted).

The defendant also argues that the prior convictions should not be used for impeachment purposes because they arose from an arrest in 1981. However, as the government discussed in its Notice of Intent to Impeach, Fed. R. Evid. 609(b) places a temporal restriction on the use of

2

convictions for impeachment purposes and these convictions clearly satisfy that restriction. Indeed, defendant does not attempt to argument to the contrary. Moreover, given the serious nature of the three felony convictions at issue; their probative value in evaluating to the defendant's credibility and "character for truthfulness" still remains.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                UNITED STATES ATTORNEY

                    /s/
By:   OPHER SHWEIKI
       Assistant United States Attorney
       Bar No. 458776
       Federal Major Crimes Section
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 353-8822
       Opher.Shweiki@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the "REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609" was served upon counsel of record for the defendant, Jerry Ray Smith, Esq., 717 D Street, N.W., Suite 400, Washington, D.C. 20004, through the electronic court filing system, this 20th day of March 2008.

/s/

OPHER SHWEIKI