**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )( | |
| )( | **Criminal No. 07-288** |
| **v.** )( | **Judge Friedman** |
| )( | **Motions Hearing: May 15, 2008** |
| **EDWARD MADDOX** )( | |

**DEFENDANT'S REPLY TO GOVERNMENT'S SECOND SUPPLEMENTAL, POST-HEARING BRIEF IN OPPOSITION TO DEFENDAT'S MOTION TO SUPPRESS EVIDENCE, STATEMENTS, AND OTHER INFORMATION**

COMES NOW the defendant, Edward Maddox, by and through undersigned counsel, and respectfully replies to the Government's Second Supplemental, Post-Hearing Brief in Opposition to Defendant's Motion to Suppress Evidence, Statements, and Other Information. In support of this filing, Mr. Maddox would show:

1.  In the Government's Second Supplemental, Post-Hearing Brief in Opposition to Defendant's Motion to Suppress Evidence, Statements, and Other Information (Supplemental Brief), the government argues that Mr. Maddox cannot credibly dispute that the police had probable because for arresting him because, in earlier filings, Mr. Maddox had indicated that the statements that Detective Copeland made in the affidavit in support of the search warrant and at his testimony at the evidentiary hearing showed that the police had probable cause for arresting him. Id. at 2-4. However, in making this argument, the government ignores the fact that what Mr. Maddox was pointing out was not that Detective Copeland's statements were true but that the Detective was claiming to have been in possession of information upon which he could have obtained a warrant for Mr. Maddox's arrest. Any fair reading of Mr.

1

Maddox's argument would acknowledge that his point was that the police were acting in bad faith because, while supposedly possessing knowledge that would have made out probable cause, they chose to arrest him without a warrant even though they had time to get one. Since Detective Maddox himself was claiming to have been in possession of information that would have established probable cause, whether or not there actually was probable cause was immaterial to Mr. Maddox's argument. Furthermore, to say that Mr. Maddox has actually endorsed the statements of Detective Copeland is to ignore the fact that Mr. Maddox has repeatedly emphasized that Detective Copeland is not to be believed. <u>See</u> Motion to Suppress Evidence, Statements, and Information and Points and Authority in Support thereof at 4-7, 12, 15-16; Memorandum of Points and Authority in Support of Defendant's Motion to Suppress Evidence, Statements, and Information at 8-12, 21-25; Reply to Government's Supplemental, Post-Hearing Brief in Opposition to Defendant's Motion to Suppress Evidence, Statements, and Information at 4; Defendant's Post-Hearing Brief on Issues Related to the Application of <u>United States v. Watson</u> to his Motion to Suppress Evidence, Statements, and Information (<u>Watson</u> Brief) at 5-6. Finally, even if it were to be assumed for the sake of argument that counsel for Mr. Maddox had enthusiastically endorsed the credibility of Detective Copeland without hesitation, the fact remains that the issue here is the Detective's actual credibility—not someone else's stated view of his credibility.

    2.    In its Supplemental Brief, the government argues that the fact that there was false information in the affidavit in support of the search warrant cannot be viewed as a reflection of Detective Copeland's credibility because he only learned that the

information was false after he submitted the affidavit.  Supplemental Brief at 3-4.  However, to even accept this argument, one would have to believe that the Detective was under no obligation to check and see if his information was true before swearing to it in an affidavit.  Moreover, the government's own argument ignores the fact that the Detective himself acknowledged that he was in possession of supposedly correct information before putting the contradictory information in the affidavit.  Tr. of 3/26/08 at 66, 88-90.  Accordingly, Mr. Maddox stands by his statement that Detective Copeland "is someone who has been, at the very least, extremely careless with the truth even while making statements under oath."  See Watson Brief at 6.

       3.     In its Supplemental Brief, the government reiterates its argument that the search of the car was sufficiently contemporaneous with the arrest of Mr. Maddox to fall within the rule announced in United States v. Belton, 453 U.S. 454 (1981).  Supplemental Brief at 4.  In making this argument, the government points out that courts have upheld searches of cars as searches incident to arrest where, though the defendant was detained just before the car was searched, he was not actually arrested until after the car was searched.  Id.  However, this is not the fact pattern presented here.  Here, Mr. Maddox was arrested as he exited the car.  See Watson Brief at 4-5.  Nevertheless, the car was not searched then.  Indeed, it was not until some undisclosed amount of time after Mr. Maddox had been removed from the scene altogether that the car was searched.  In his Watson Brief, Mr. Maddox cites to cases where searches of cars have not been upheld as searches incident to arrest because they occurred either some time after the defendant had been arrested or after the defendant had been removed from the scene altogether.  Watson

3

Brief at 7.  These are the case the Court should look to for guidance because—unlike the ones the government cites—they present fact patterns analogous to the one here.

## **CONCLUSION**

WHEREFORE, the defendant, Edward Maddox, replies to the Government's Second Supplemental, Post-Hearing Brief in Opposition to Defendant's Motion to Suppress Evidence, Statements, and Other Information.

                                              Respectfully submitted,

                                              _____/s/_____  
                                              Jerry Ray Smith  
                                              Counsel for Edward Maddox  
                                              717 D Street, N.W.  
                                              Suite 400  
                                              Washington, D.C. 20004  
                                              (202) 347-6101