UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Cr. No. 07-288 (PLF) |
| | : |
| EDWARD MADDOX, | : |
|      Defendant. | : |

GOVERNMENT'S PROPOSED STATEMENT
OF THE CASE AND VOIR DIRE QUESTIONS

     In accordance with the Court's instructions, during the May 15, 2008 hearing in this matter relating to the parties' preparation for trial, the United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following statement of the case and voir dire questions:

I.    PROPOSED STATEMENT OF THE CASE

     Defendant Edward Maddox has been charged with the following two charges: 1) unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for one year or more; and 2) unlawful possession of heroin. The government alleges that, on September 29, 2007, at approximately 7:00 a.m., Metropolitan Police Department officers searched the car which Mr. Maddox had been driving in area of the 5000 block of Sheriff Road, N.E., in the District of Columbia. During this search, officers recovered a loaded semi-automatic handgun and a number of bags of heroin.

     Mr. Maddox denies that he was in possession of the handgun or the heroin.

II.    PROPOSED VOIR DIRE QUESTIONS

     1.    Given the information presented in the statement of the case, do you think that you may know anything about the facts and circumstances of this case?

2. I am Judge Paul Friedman, and I will be the presiding judge in this case. Assisting me are _____, the Deputy Clerk; _____, the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____. Do you know or think that you recognize any of us?

3. The United States is represented in this case by Assistant United States Attorneys Opher Shweiki and Emily Miller. Do you know or think that you recognize the prosecutors, Mr. Shweiki and Ms. Miller. The attorney representing Mr. Maddox is Jerry Smith. Do you know or think that you recognize Mr. Smith?

4. Do you know or think that you recognize the defendant, Edward Maddox?

5. Do you know or think that you recognize any member of the panel, for example, from work, school, socially, prior jury service, or around the neighborhood? Please take a look around to be sure.

6. The government alleges that the events relating to the charged offenses occurred in the area of the 5000 block of Sheriff Road, N.E. in Washington, D.C. Do any of you live near, work near, or have anything other than a general familiarity with these locations?

7. a) The government may call some or all of the following persons as witnesses, who Mr. Shweiki will now identify. Not all of these witnesses will necessarily testify. Do you know or think that you recognize any of these proposed witnesses?

b) The defense may call some or all of the following persons as witnesses, whom Mr. Smith will now identify, although the defense is not required to call any witnesses. Do you know or think that you recognize any of these proposed witnesses?

8. In a criminal trial, the defendant does not need to testify, call any witnesses, or

produce any evidence whatsoever to prove his innocence. Would you have any difficulty at all in applying this principle of law?

9. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent. The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying this principle of law?

10. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.

    a) Would you have any difficulty at all in expressing your own opinions and thoughts about this case to your fellow jurors?

    b) Do you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

11. Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

12. Have you or a member of your immediate family – either personally or in connection with a business – been involved in any legal action or dispute with the United States, or any officers, employees, or agents of the United States?

13. Have you ever served on a Grand Jury?

14. Have you ever served as a juror in a criminal case in a federal court, in District of Columbia Superior Court, or in a court located somewhere else?

*[Follow-up for affirmative responses: What kind of cases, and was the jury able to reach a verdict in each case? Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or would otherwise make it difficult for you to serve as a juror in this case?]*

15. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security or other law enforcement agencies. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up for affirmative responses: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

16. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office? That can include the Department of Justice, a

United States Attorney's Office, the Office of Attorney General for the District of Columbia, (formerly the Office of the Corporation Counsel), or any state, county, commonwealth or district attorney's office. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

> *[Follow-up for affirmative responses: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

17. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? For or in the juvenile justice system? Please *also* answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

> *[Follow-up for affirmative responses: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

18. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the

District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such individual or organization, or are planning to in the near future.

*[Follow-up for affirmative responses: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

19.     Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training? This would include law school, paralegal training, or any post-graduate legal training.

20.     Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job at any such organization, or are planning to in the near future.

*[Follow-up for affirmative responses: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

21.     Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?

22.     Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

23.     Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

24.     Do you, because of the reported crime situation in Washington, D.C., or because of the reported incarceration rate in Washington, D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

25.     One of the alleged offenses in this case involves the alleged unlawful possession of illegal drugs. Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

26.     Are you now or have you in the past been a member of any group which advocates either for or against the legalization of drugs?

27.     Do you have an opinion or feeling about the possession or use of drugs, or the narcotics laws in general, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial, such as a belief that drug possession should be legalized, or that too much money is spent on prosecuting drug offenses?

28.     The defendant is charged with conduct related to the unlawful possession of a

firearm and ammunition. Do you have an opinion or feeling about federal or local firearm laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

29. Do you feel that the possession of handguns should be legalized in Washington, D.C., and therefore, feel that you would be unable to render a fair and impartial verdict?

30. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all following this principle?

31. This trial is expected to start on Tuesday, September 27, 2009, and last approximately three days. The length of deliberations is determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week or next week, such that you could be faced with a hardship if selected for the jury in this case?

32. Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

33. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

34. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my

instructions regarding the law?

35. Do any of you have an uncorrected vision or hearing problem, or are you sitting next to someone whom you believe may have an uncorrected hearing problem? Do any of you suffer from any illness that would make it difficult for you to sit as a juror? Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

36. Do you, or are you sitting next to someone whom you believe may, have trouble understanding the English language?

37. Is there any reason or issue, not already raised, that might interfere with your ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

38. Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides, and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:       /s/
OPHER SHWEIKI
Assistant United States Attorney
Bar No. 458776
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822
Opher.Shweiki@usdoj.gov