IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Cr. No. 07-288 (PLF) |
| : | |
| EDWARD MADDOX, : | |
| Defendant. : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following jury instructions:[1]

    A.    Instructions Before and During Trial:

        1.02    Notetaking by Jurors

        1.03    Preliminary Instruction Before Trial

        1.04A  Stipulations of Fact

        1.07    Question Not Evidence

        1.08    Expert Testimony

        1.20    Questions by Jurors

        1.21    Preliminary Instruction to Jury Where Identity of Alternates Is Not

        Disclosed *(if necessary)*

        1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

    B.    Final Instructions:

        2.01    Function of the Court

---

[1] Although the government does not anticipate proposing any additional jury instructions for use at trial, the government respectfully reserves the right, in an abundance of caution, to supplement this list if unexpected events occur at trial.

2.02   Function of the Jury

2.03   Jury's Recollection Controls

2.04   Evidence in the Case – Stipulations

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence *(if necessary)*

2.08   Burden of Proof -- Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to Be Considered

2.26   Police Officer's Testimony

2.27   Right of Defendant not to Testify

2.28   Defendant as Witness *(if necessary)*

2.52   Multiple Counts – One Defendant

2.71   Selection of Foreperson

2.72   Unanimity

2.73   Exhibits During Deliberations

2.74   Possible Punishment Not Relevant

2.75   Communications Between Court and Jury During Jury's Deliberations

2.76   Furnishing the Jury with a Copy of the Instructions

      2.77    Use of Verdict Forms -- Note

      3.02    Proof of State of Mind

      3.07    "On or about" – Proof of

      3.08B  Possession

C.    <u>Instructions on Charged Offenses</u>:

<u>Count One</u>

*Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year*

The defendant is charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for One Year or More.

There are four elements to that statute which the government must prove beyond a reasonable doubt:

First, that the defendant unlawfully possessed a firearm or ammunition. There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it. Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the firearm.

Second, that the defendant did so knowingly;

Third, that the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose); and

Fourth, that, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Now I will give you more detailed instructions on some of these terms.

An act is done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm or ammunition which the defendant allegedly possessed

have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state. The District of Columbia is considered a state for this purpose.  The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives  at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm or ammunition by a convicted felon if it is demonstrated that the firearm or ammunition possessed by a convicted felon had previously traveled in interstate commerce. It is not necessary that the government prove that the defendant purchased the firearm or ammunition in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who did purchase the firearm or ammunition. It is necessary only that the government  prove that the defendant, having previously been convicted of a felony, knowingly possessed a firearm or ammunition that, at some time, had previously traveled in interstate commerce.

Count Two

*Unlawful Possession of a Controlled Substance (Heroin)*

The essential elements of possession of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant possessed a controlled substance; and

Second, that the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently.

The law makes heroin a controlled substance. You must decide whether the material was heroin. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

D.    Special Instruction

*Special Instruction Regarding the Legality of the Search of the Car*

As I instructed you at the beginning of the case, it is my responsibility to rule on legal questions.  In that regard, I already have determined as a matter of law that the search of the car

in this case was a lawful act by law enforcement officers performing law enforcement duties. Accordingly, you need not concern yourself with the circumstances surrounding the search of the car in question, and these circumstances should not be factored into your deliberations.

As authority, the United States refers the Court to United States v. Sanders, 196 F.3d 910, 914 (8th Cir. 1999).

                                  Respectfully submitted,

                                  JEFFREY A. TAYLOR
                                  UNITED STATES ATTORNEY

                                  _____/s/_____
By:   OPHER SHWEIKI
      Assistant United States Attorney
      Bar No. 458776
      Federal Major Crimes Section
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-8822
      Opher.Shweiki@usdoj.gov