UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 07-288 (PLF) |
| | : | |
| EDWARD MADDOX, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
ADMISSION OF POLICE REPORTS PREPARED BY OFFICER ABDALLAH

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its objection to the admission of police paperwork prepared by Officer Joseph Abdallah, and states as follows:

In United States v. Smith 521 F.2d 957 (D.C. Cir. 1975), the United States Court of Appeals for the District of Columbia held that a police record constitutes a business record so long as it meets the standards of the Business Record Act (the "Act"), as then codified in 28 U.S.C. § 1732(a) (1970).[1] Smith, 521 F.2d at 963-64. That is, a police record is admissible as a business record if it is made in the regular course of business, it being the regular course of police work to make the record at issue. Id. The Court explained that all other circumstances of the making of the record, including the lack of personal knowledge by the maker, may be shown to affect its weight, but not its admissibility. Id. At 964. In short, so long as the contents of the document were reported to the maker, directly or through others, by one who is himself acting in the regular course of business, and who has personal knowledge, the police record is admissible

---

[1] The Act is now codified at 28 U.S.C. § 1732. There are no subsections. The Court noted that the Act had not been altered in anyway relevant to its opinion by the repeal of subsection (a) in 1975, or the adoption of Federal Rule of Evidence 803(6).

as substantive evidence. Id. In the instant case, defense counsel elicited testimony from Officer Joseph Abdallah to the effect that the record at issue (the PD-163 regarding Earl Johnson) was prepared in the ordinary course of police business, and that the ultimate source of the information contained therein would be a police officer with firsthand knowledge of what was stated. Accordingly, it appears that the standards for admission of the police record at issue have been met.

     The United States nevertheless contests the admissibility of the police report on the ground that the document is not sufficiently trustworthy to qualify as a business record. As undersigned counsel proffered in court today, the Government expects the evidence to show that Officer Abdallah prepared two PD-163s in connection with this case, one for Earl Johnson, and one for the defendant. In the PD-163 regarding the defendant's arrest, Officer Abdallah states that, "A search of the vehicle resulted in the recovery of . . . eight black ziplocks of white powder field tested positive for the opiate group (front passenger side floorboard Sgt. G. Neill)." In the PD-163 relating to Mr. Johnson's arrest, Officer Abdallah refers to exactly the same drugs and states, "A search of the vehicle resulted in the recovery of . . . eight black ziplocks of white powder field tested positive for the opiate group (drivers floorboard Ofc Fultz)." Of course, it is impossible for both statements to be true at the same time. Accordingly, the Government submits that neither of the documents are sufficiently trustworthy so as to qualify as a business record. This is a circumstance that simply was not contemplated in the Smith case.

     Even if the Court finds that the documents are admissible as business records, the Government requests the Court to prohibit the admission of Mr. Johnson's PD-163 under Federal Rule of Evidence 403. Its probative value is unduly outweighed by the prejudice it would create

to the Government's case. In accordance with all of the rulings that preceded this trial, the Government has not put on any evidence regarding the search of the defendant's home, and the related arrest of Mr. Johnson. Providing the instant PD-163 to the jury is likely to create questions in the jurors' minds about whether there is another person who was arrested in connection with the instant case and who is now not being prosecuted. This is a question the Government will not be able to answer without the facts regarding the search warrant coming into evidence. The probative value to the defendant's case is minimal, as the Government expects Officer Abdallah's testimony would show that: (a) he had no personal knowledge as to the location of the drugs; (b) he does not recall who told him the information that made up his reportS; and (c) he was clearly mistaken with regard to one of the reports. Moreover, the defendant's PD-163 is consistent with the evidence that the Government has elicited at trial.

Should the Court nevertheless decide to admit Mr. Johnson's PD-163 into evidence as a business record, the Government requests that certain acts be taken to minimize the prejudice to the Government's case and to fully air this issue before the jury. Specifically, the Government requests that: (a) testimony be elicited to the effect that it was necessary for the officer to prepare two PD-163s in connection with this case (without mentioning that the second PD-163 was for a different defendant); (b) only the second page of Mr. Johnson's PD-163 be submitted to the jury; and (c) the second page of the defendant's PD-163 also be submitted to the jury, so that the jurors can review and compare both documents for themselves without giving undue weight to one particular PD-163.

WHEREFORE, the United States requests that the Court preclude the admission of the Mr. Johnson's PD-163 in this case, or if the Court decides to admit Mr. Johnson's PD1-63 into evidence, that it take the precautions requested by the Government above.

    Respectfully Submitted,

    JEFFREY A. TAYLOR
    Attorney of the United States in
    and for the District of Columbia

    Bar No. 498610


BY:    _____/s/_____
    EMILY A. MILLER
    Assistant United States Attorney
    Bar No. 462077
    Federal Major Crimes Section
    555 4th Street, N.W., Room 4237
    Washington, DC 20530
    (202) 514-7533
    Emily.Miller2@usdoj.gov