UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | **Criminal No. 07-288** |
| v.   )( | **Judge Friedman** |
| )( | **Sentencing: October 3, 2008** |
| EDWARD MADDOX   )( | |

### NOTICE OF FILING TRIAL MEMORANDUM

COMES NOW the defendant, Edward Maddox, by and through undersigned counsel, and respectfully notifies the Court and the government that he is electronically filing the attached memorandum, which had been submitted to the Court during his trial but was not filed electronically. During the trial, the Court had instructed counsel to make sure that the memorandum got electronically filed at some point so that the record would be complete on appeal. In support of this notice, Mr. Maddox would show:

1.  On May 28, 2008, during the trial in this case, Mr. Maddox sought to introduce into evidence a Metropolitan Police Department 163 report that had been prepared by Officer Abdalla. The admissibility of this report became contested, and the Court reserved ruling on the issue until the following day. That evening, at the Court's invitation, Mr. Maddox sent the Court a memorandum spelling out his argument regarding the admissibility of the 163 report (the government also submitted its own such memorandum to the Court). Mr. Maddox also sent a copy of his memorandum to government counsel. This memorandum, however, was not electronically filed.

2.  On May 29, 2008, the next day of trial, the Court ruled on the admissibility of Officer Abdalla's 163 report. This ruling was based, in part, on the

memorandum that Mr. Maddox had submitted the previous evening.  Accordingly, the court instructed undersigned counsel to make sure that the memorandum got electronically filed at some point so that the record on appeal would be complete.

      3.      Attached is the .pdf version of the memorandum regarding the admissibility of Officer Abdalla's 163 report that was submitted to the Court on the evening of May 28, 2008.  The original memorandum was in Microsoft Word format and was sent to the Court by e-mail.  Undersigned counsel has retrieved the actual e-mail that was sent to the Court and simply converted the memorandum that was enclosed there from Word format to .pdf format for electronic filing.

      WHEREFORE, the defendant, Edward Maddox hereby notifies the Court and the government that he is electronically filing the memorandum regarding Officer Abdalla's 163 report that he had originally submitted to the Court on the evening of May 28, 2008

      Respectfully submitted,


      _____/s/_____  
      Jerry Ray Smith  
      Counsel for Edward Maddox  
      717 D Street, N.W.  
      Suite 400  
      Washington, D.C. 20004

# MEMORANDUM

To:   The Honorable Paul L. Freidman
From: Jerry Ray Smith
      Counsel for Edward Maddox
Date: May 28, 2008
Re:   <u>Smith</u> case and Abdalla's 163

When Officer Abdalla testified earlier today, he stated that he is very careful in completing 163 reports and that, when he includes information in a 163 report, he makes sure that the ultimate source of that information is a police officer with personal knowledge.

When shown the narrative page for the 163 at issue here, Officer Abdalla agreed that he made sure that the ultimate source for the information included in the narrative section of this report came from a police officer with personal knowledge.

In <u>Smith v United States</u>, 521 F.2d 957, the D.C. Circuit noted that a hearsay statement contained in a 163 report does not come within the business record exception if the hearsay statement was not made by someone who was acting in his business capacity when he made the statement.  Where the hearsay statement is made by someone who is not acting in the regular course of business (like a statement by citizen witness), it does not deserve the presumption of regularity accorded a business record." <u>Id.</u> at 964.  By this same logic, , a statement made by someone acting in the course of business would therefore be deserving of the presumption of regularity accorded a business record. Accordingly, the D.C. Circuit in <u>Smith</u> held that hearsay contained in a business record is admissible as part of that business record if "it was reported to the maker, directly or through others, by someone who is acting in the regular course of business, and who has personal knowledge." <u>Id.</u>

Since Officer Abdalla acknowledged that the information he put in the narrative of 163 at issue here came from police officers who were acting in their business capacity when they relayed the information and since he further indicated that he made sure that the ultimate source of the information was a police officer with personal knowledge, the statements contained in the narrative section are part of the business record and therefore admissible as substantive evidence.

Regarding the reliability of the statements in the narrative of the report, it should be noted that Officer Abdalla agreed that 163 reports are important documents that are to be completed carefully.  Moreover, it is not too much to expect that, when police officers are relaying to each other information about the matter they are actively involved in, they would take pains to make sure that they are speaking accurately.  This is not a situation where it is likely officers would repeat rumors or recite information they are not confident about.